# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-50022
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIA LUISA SILVA, also known as Maria Silva,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-139-ALL

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Maria Luisa Silva pleaded guilty to money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and was sentenced to 24 months of imprisonment. Silva now argues for the first time that the factual basis was insufficient to support her conviction because she merely transported money and did not conduct a financial transaction with it.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When a defendant argues for the first time on appeal that there was an insufficient factual basis for her guilty plea, we review the issue for plain error. *United States v. Castro-Trevino*, 464 F.3d 536, 540-41 (5th Cir. 2006). To show plain error, an appellant must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Under §1956(a)(1)(B)(i), a person commits the offense of money laundering when, "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" and knowing that the transaction is designed at least in part to conceal certain information about the unlawful proceeds, she "conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity." "[A] financial transaction must, at the very least, be a transaction, *i.e.*, a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition or some action involving a financial institution or its facilities." *United States v. Puig-Infante*, 19 F.3d 929, 938 (5th Cir. 1994) (internal quotation marks and citation omitted).

Unlike the defendant in *Puig-Infante*, Silva admitted that she planned to return the money she was transporting to the man who hired her. Section 1956(a)(1)(B)(i) applies whether a person conducts or *attempts to conduct* the prohibited financial transaction. As Silva admitted in her factual basis that she attempted to conduct a financial transaction, she has not shown that the district court plainly erred in concluding that the factual basis supported her conviction.

AFFIRMED.